UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

ELECTRONICALLY FILED
Jan 27 2021
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| JULIE A. CROSTON, Individually and as Executrix of the ESTATE OF JONATHAN CORREL CROSTON, <br><br> Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | Civil Action No. **2:21-CV-3 (Kleeh)** _____ |

### DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto") hereby gives notice of removal of this action, captioned *Julie A. Croston, et al. v. Monsanto Company*, bearing case number 20-C-43, from the Circuit Court of Barbour County, West Virginia to the United States District Court for the Northern District of West Virginia. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1.      In this products liability lawsuit, Plaintiff Julie Croston sues Monsanto for injuries and death allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-

branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020. Nevertheless, Ms. Croston alleges that exposure to Monsanto's glyphosate-based herbicides caused decedent Jonathan Croston's cancer – specifically, non-Hodgkin's lymphoma ("NHL") – and death.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Ms. Croston is a West Virginia citizen, as was decedent before his death. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Ms. Croston seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

### Background And Procedural History

4. Ms. Croston commenced this lawsuit in the Circuit Court of Barbour County, West Virginia by filing a Complaint, captioned *Julie A. Croston, et al. v. Monsanto Company*, case number 20-C-43, on or about December 29, 2020 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are attached as **Exhibit 1**. This lawsuit seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 1, 107-8, 110-15, 125-26, 147-48, 157, 165, 169, 179, 182, 184-85, 188-89.

## Basis For Removal – Diversity Jurisdiction

6. Ms. Croston is, and was at the time the State Court Action was filed, a West Virginia resident and citizen, and decedent was a West Virginia resident and citizen before and when he died. *See* Complaint ¶¶ 6-7, 109-10, 113 & Exhibit 1 attached to Complaint (Letter of Administration, *In re Estate of Jonathan Correl Croston*); Westlaw Report Regarding Jonathan Croston (excerpts attached as **Exhibit 2**); Westlaw Report Regarding Julie Croston (excerpts attached as **Exhibit 3**).

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 8. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

8. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer (NHL) and death. Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin.*

*Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

9. In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

## Procedural Requirements

10. The Circuit Court of Barbour County, West Virginia is located within the Northern District of West Virginia. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

11. On January 5, 2021, the Summons and Complaint were served on the Office of the Secretary of State for West Virginia, and Monsanto received notice of process in the State Court Action on January 8, 2021. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of either date (January 8 or January 5, 2021).

12. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of Barbour County, West Virginia and will be promptly served on Ms. Croston.

13. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

---

[1] The citizenship of "Doe" defendants must be disregarded when determining whether this lawsuit is removable based on Section 1332(a). *See* 28 U.S.C. § 1441(b)(1).

14. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: January 27, 2021

Respectfully submitted,

/s/ W. Austin Smith
W. Austin Smith (WVSB #13145)
BOWLES RICE LLP
600 Quarrier Street / Post Office Box 1386
Charleston, West Virginia 25325-1386
Tel.: (304) 347-1100 / Fax: (304) 347-1756
E-mail:   asmith@bowlesrice.com

Attorney for Defendant Monsanto Company

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JULIE A. CROSTON, Individually and as Executrix of the ESTATE OF JONATHAN CORREL CROSTON,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Civil Action No. **2:21-CV-3 (Kleeh)** |

## CERTIFICATE OF SERVICE

I, W. Austin Smith, hereby certify that on this 27th day of January 2021, I electronically filed the foregoing ***Defendant Monsanto Company's Notice of Removal*** with the Clerk of the Court using the CM/ECF system and mailed a hard-copy of the same, by United States Postal Service, addressed as follows, which effected service on the following:

Hunter B. Mullens
C. Brian Matko
MULLENS & MULLENS, PLLC
9 North Main Street
PO Box 95
Philippi, WV 26416

/s/ W. Austin Smith
W. Austin Smith (WVSB #13145)

6

12460294.1